UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE M. CONTI,

  Plaintiff,

vs.

AMERICAN AXLE & MANUFACTURING, INC.,
a Delaware corporation,

  Defendant.

Case No.: 05-72335

Hon. Bernard A. Friedman

Magistrate Judge Capel

---

SOMMERS SCHWARTZ, P.C.
JOSEPH A. GOLDEN (P14105)
PATRICIA A. STAMLER (P35905)
Attorneys for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300

VERCRUYSSE MURRARY & CALZONE
ROBERT M. VERCRUYSSE (P21810)
BERNICE MCREYNOLDS (P44019)
Attorneys for Defendant
31780 Telegraph Rd., Ste. 200
Bingham Farms, MI 48025
(248) 540-8019

---

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE TO QUASH SUBPOENA

NOW COMES Plaintiff, Suzanne Conti, by and through her attorneys, Sommers Schwartz, P.C., and pursuant to Fed. R. Civ. P. 26, Plaintiff hereby moves this Court for a protective order or in the alternative to quash the subpoena for the following reasons:

  1. Plaintiff, Suzanne Conti, filed her civil rights claim based upon gender discrimination and violation of her rights under the Equal Pay Act, 29 U.S.C. §201, et seq ("FLSA").

  2. Plaintiff began her employment with Defendant on or about January 3, 1997 in the position of Salaried Executive in Training (SEIT) within Defendant's purchasing department (Exhibit 1).

  3. As part of her application process, Plaintiff submitted to Defendant her then current Curriculum Vitae which included, inter alia, reference to her employment with Wayne State

University (Exhibit 2). The sole reference to Plaintiff's work experience set forth in Exhibit 2 regarding her employment with Wayne State University states as follows: "Marketing Strategy instructor to graduate level MBA students at Oakland and Wayne State Universities (1987-1992)".

4. Plaintiff has remained employed with Defendant from on or about January 13, 1997 to present.

5. On or about January 5, 2006, Defendant served on Wayne State University and Plaintiff's counsel a subpoena for the production of documents only (Exhibit 3).

6. The subpoena requests the following records pertaining to Suzanne Conti's employment with Wayne State University: "Including but not limited to application for employment; resume; personnel file; job title and duties; performance evaluations or similar performance ratings; disciplinary actions or notices; grievances or other complaints filed by or on behalf of Suzanne M. Conti (f/k/a Suzanne M. Dewyer) against the University and/or of individuals employed by the University, and all related documents; time sheets and other attendance records, earnings and payroll records, unemployment compensation claims, accident reports, workers compensation claims, medical records, insurance records and any other documents regarding Suzanne M. Conti." (Exhibit 3)

7. On or about January 11, 2006, Plaintiff's counsel called counsel for Wayne State University, Mr. Louis Lessem, and advised him, via voicemail, that Plaintiff's counsel objected to Wayne State University's production of the subpoenaed documents.

8. On January 13, 2006, Plaintiff's counsel contacted defense counsel, Bernice McReynolds, and sought her concurrence in a motion for protective order or in the alternative to quash subpoena. Plaintiff's counsel was unable to reach defense counsel but did leave a detailed voicemail regarding this motion and the basis for same.

9.	At no time during the application process or during Plaintiff's roughly nine year history with Defendant has the Defendant sought to investigate her employment history with Wayne State University.

10.	Indeed, to the extent there is any relevance to Defendant's fishing expedition, the production of documents should be restricted to the content of Plaintiff's representation she provided to the Defendant in her resume at the time (Exhibit 2). In other words, to the extent Defendant contends that such inquiry is relevant to a possible claim of resume fraud, the scope of such a claim would be focused solely on the precise representation contained in the resume upon which Defendant relied in the hiring process.

11.	The subpoenaed documents are neither relevant nor likely to lead to relevant evidence and go well beyond the representation in Plaintiff's resume.

12.	Pursuant to Fed. R. Civ. P. 26(c), Plaintiff seeks relief from this Court in the form of a protective order or in the alternative to quash the subpoena, as the subpoena is designed to harass and embarrass Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter a protective order barring Defendants from seeking any information regarding Plaintiff's employment with Wayne State University other than confirmation of the dates that she served as a Marketing Strategy instructor for Wayne State University or in the alternative to quash the subpoena in its entirety.

        Respectfully submitted,

        SOMMERS SCHWARTZ, P.C.

        s/PATRICIA A. STAMLER (P35905)
        JOSEPH A. GOLDEN (P14105)
        Attorneys for Plaintiff
        2000 Town Center, Suite 900
        Southfield, MI 48075
        248-355-0300
        pstamler@sommerspc.com

Dated: January 17, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE M. CONTI,

    Plaintiff,

vs.

AMERICAN AXLE & MANUFACTURING, INC.,
a Delaware corporation,

    Defendant.

Case No.: 05-72335

Hon. Bernard A. Friedman

Magistrate Judge Capel

| | |
|---|---|
| SOMMERS SCHWARTZ, P.C.<br>JOSEPH A. GOLDEN (P14105)<br>PATRICIA A. STAMLER (P35905)<br>Attorneys for Plaintiffs<br>2000 Town Center, Suite 900<br>Southfield, MI 48075-1100<br>(248) 355-0300 | VERCRUYSSE MURRARY & CALZONE<br>ROBERT M. VERCRUYSSE (P21810)<br>BERNICE MCREYNOLDS (P44019)<br>Attorneys for Defendant<br>31780 Telegraph Rd., Ste. 200<br>Bingham Farms, MI 48025<br>(248) 540-8019 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE TO QUASH SUBPOENA**

    It's axiomatic that FRE 401 defines relevant evidence as whether the information at issue has any tendency to make the fact to be proved more or less likely than if the evidence were not introduced. This broad definition is tempered, of course, by FRE 403 which excludes relevant evidence that is remote in time, misleading or unfairly prejudicial. In the instant case, the evidence that is sought via subpoena is not relevant. Further, pursuant to Fed. R. Civ. P. Rule 26(c) governing protective orders, a party is permitted to move for relief from discovery where justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Further, Fed. r. Civ. P. 26(c) sets forth a number of possible remedies this Court may entertain, including in pertinent part:

"(1) That the disclosure or discovery not be had;

(2) That the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; . . .

(4) That certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . ."

In the instant case, Plaintiff seeks relief from Defendant's subpoena seeking the extensive production of irrelevant documents from Wayne State University (Exhibit 3 to the Motion). As detailed in the Motion, Plaintiff's application for employment combined with her resume sets forth information regarding her position with Wayne State University, to-wit: "Marketing strategy instructor to graduate level MBA students at Oakland and Wayne State Universities (1987-1992)". The only possible relevance to Defendant's subpoena would be to secure evidence to demonstrate some alleged resume fraud to show it would not have hired Plaintiff. The scope of the discovery must be limited to the representations set forth in her resume, as that is the only representation Defendant relied on. Defendant should be barred from an extensive fishing expedition into her employment history with Wayne State University which seeks information well beyond the scope of what was set forth in Plaintiff's resume.[1]

There is absolutely nothing in Plaintiff's personnel record or employment history to suggest that Defendant relied upon anything else in hiring Plaintiff than what was contained in her application form or her resume. The sole reference to her employment with Wayne State University is contained in her resume (Exhibit 2 to the Motion). Thus, any other information regarding Plaintiff's history with Wayne State University (by way of example, her application for employment, her resume, her personnel file, her job title and duties, her performance evaluations or similar performance ratings, etc.) (Exhibit 3) is wholly irrelevant and is designed, from Plaintiff's

---

[1] Presumably Defendant will seek similarly broad based harassing document requests from Plaintiff's other former employers.

2

perspective, to be nothing more than an embarrassment to annoy her or oppress her during the course of this litigation.

Consequently, Plaintiff seeks relief from this Court by way of a protective order barring Defendant from securing the documents requested in Exhibit 3 to this Motion other than information verifying Plaintiff's dates of employment and positions held with Wayne State University or in the alternative to quash the subpoena in its entirety.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

s/PATRICIA A. STAMLER (P35905)
JOSEPH A. GOLDEN (P14105)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI  48075
248-355-0300
pstamler@sommerspc.com

Dated: January 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert M. Vercruysse, 31780 Telegraph Rd., Ste. 200, Bingham Farms, MI 48025.

And I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Louis A. Lessam, Wayne State University Bldg., 656 W. Kirby 4249 F A B, Detroit, MI 48202.

s/PATRICIA A. STAMLER (P35905)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, MI  48075-1100
(248) 355-0300
pstamler@sommerspc.com

LAW OFFICES
SOMMERS SCHWARTZ, P.C. • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300
2000 TOWN CENTER