UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE M. CONTI,

    Plaintiff,

vs.

AMERICAN AXLE & MANUFACTURING, INC.,
a Delaware corporation,

    Defendant.

Case No.: 05-72335

Hon. Bernard A. Friedman

Magistrate Judge Capel

_____

| SOMMERS SCHWARTZ, P.C. | VERCRUYSSE MURRARY & CALZONE |
|---|---|
| JOSEPH A. GOLDEN (P14105) | ROBERT M. VERCRUYSSE (P21810) |
| PATRICIA A. STAMLER (P35905) | BERNICE MCREYNOLDS (P44019) |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 2000 Town Center, Suite 900 | 31780 Telegraph Rd., Ste. 200 |
| Southfield, MI  48075-1100 | Bingham Farms, MI  48025 |
| (248) 355-0300 | (248) 540-8019 |

_____

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE TO QUASH SUBPOENA**

    NOW COMES Plaintiff, SUZANNE M. CONTI, by and through her attorneys, SOMMERS SCHWARTZ, and for her Reply to Defendant's Response refers to her accompanying Brief in Support.

                                        s/PATRICIA A. STAMLER
                                        SOMMERS SCHWARTZ, P.C.
                                        Attorneys for Plaintiff
                                        2000 Town Center, Suite 900
                                        Southfield, MI  48075-1100
                                        (248) 355-0300
                                        P35905
                                        pstamler@sommerspc.com

Dated:  February 13, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert M. Vercruysse, 31780 Telegraph Rd., Ste. 200, Bingham Farms, MI 48025.

And I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Louis A. Lessam, Wayne State University Bldg., 656 W. Kirby 4249 F A B, Detroit, MI 48202.

s/PATRICIA A. STAMLER
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
P35905
pstamler@sommerspc.com

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE M. CONTI,

    Plaintiff,

vs.

AMERICAN AXLE & MANUFACTURING, INC.,
a Delaware corporation,

    Defendant.

Case No.:  05-72335

Hon. Bernard A. Friedman

Magistrate Judge Capel

_____

| SOMMERS SCHWARTZ, P.C. | VERCRUYSSE MURRARY & CALZONE |
|---|---|
| JOSEPH A. GOLDEN (P14105) | ROBERT M. VERCRUYSSE (P21810) |
| PATRICIA A. STAMLER (P35905) | BERNICE MCREYNOLDS (P44019) |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 2000 Town Center, Suite 900 | 31780 Telegraph Rd., Ste. 200 |
| Southfield, MI  48075-1100 | Bingham Farms, MI  48025 |
| (248) 355-0300 | (248) 540-8019 |

_____

**BRIEF IN SUPPORT OF REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE TO QUASH SUBPOENA**

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ................................................................................ ii

INDEX OF AUTHORITIES ........................................................................................................ iii

ARGUMENT ............................................................................................................................... 1

CONCLUSION ............................................................................................................................ 5

**STATEMENT OF ISSUES PRESENTED**

I. Whether or not Plaintiff's Motion to Quash Defendant's subpoenas requesting records of Plaintiff's past employment for the purpose of showing of introducing "other acts" character evidence.

    Plaintiff answers:    Yes.
    Defendant answers: No.

II. Whether or not Plaintiff's Motion for a Protective Order limiting the employment records Defendant is able to obtain from Wayne State University and Oakland University pursuant to its subpoenas should be limited to records disclosing the dates of Plaintiffs employment with the respective universities.

    Plaintiff answers:    Yes.
    Defendant answers: No.

## INDEX OF AUTHORITIES

**CASES**

***People v. Watson***, 245 Mich.App. 572, 576, 629 N.W.2d 411 (2001)..........................................2

***U.S. v. Blakeney,*** 942 F.2d 1001, (C.A.6 (Ky.) 1991) ...........................................................2, 4

***U.S. v. Haywood,*** 280 F.3d 715, 723 (C.A.6 (Ohio) 2002) .........................................................3

***U.S. v. Houle****,* 237 F.3d 71, 77, (C.A.1 (Mass.) 2001)................................................................3

**RULES**

FRE 404.................................................................................................................................2, 3, 4

MRE 404................................................................................................................................2, 3, 4

**ARGUMENT**

Plaintiff's Motion at bar arises from Defendants' subpoenas of employment records served on Plaintiff's former employers, specifically Wayne State University and Oakland University. (Exhibits 9 and 12 to Defendant's Response).[1] Plaintiff's employment rights claim against American Axle & Manufacturing (AAM) alleges workplace gender discrimination and violation of her rights under the Equal Pay Act, 29 U.S.C. §201, et seq ("FLSA").  Plaintiff claims that AAM has engaged in a pattern and practice of "glass ceiling"-type gender discrimination such that qualified women, including Plaintiff, are denied promotions, employment opportunities, and other perquisites of executive-level employment, and receive unequal pay, on the basis of their female sex.  In support of her claims, Plaintiff intends to provide evidence establishing that similarly qualified male employees of AAM have received the promotions, opportunities, and pay that she has not, for no cognizable reason other than that she is a woman.

Not surprising, Defendant's response to these claims is that its employment decisions regarding Plaintiff are not gender-based, but the result of Plaintiff's own "poor interpersonal skills." (Defendant's Brief in Response at 1).  As explicitly argued in Defendant's Brief in Response to Plaintiff's Motion to Quash, Defendant's stated purpose for seeking the employment records is to offer it as further evidence "that Plaintiff exhibited similar problems with her interpersonal skills in her prior employment," evidence AAM argues "may prove relevant to the issues in this case."  *Id.* AAM also argues that alleged discrepancies between Plaintiff's previous discovery responses and Plaintiff's past employment records are suggestive of Plaintiff having not been "entirely truthful" with AAM about her employment history.  *Id* at 6.   Defendant imagines it "is entitled to determine whether Plaintiff has also been untruthful with AAM regarding her employment with WSU and Oakland University."  *Id* at 7.  In short, AAM intends to obtain irrelevant, inadmissible

---

[1] At the time of this writing, both universities have produced to Defendant the requested information.

1

evidence of alleged traits of character of the Plaintiff for precisely the reason such evidence has been reckoned inadmissible under both Michigan and Federal rules. MRE 404; FRE 404.

MRE 404 states, in pertinent part, that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion…," with the exception of certain limited circumstances that are not at issue here.[2] MRE 404(a). The Rule states further:

> (1) **Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith**. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

MRE 404(b)(1).(Emphasis added). [3]

"The basic reason for the inadmissibility of evidence of other crimes, wrongs, or acts is that such evidence is irrelevant to prove the conduct in question." ***U.S. v. Blakeney,*** 942 F.2d 1001, (C.A.6 (Ky.) 1991), quoting 22 C. Wright and K. Graham, Federal Practice and Procedure § 5239 at 436 (1978). The exclusionary purpose of the rule is to guard the fact finder from inadmissible evidence of a party's propensity to commit certain acts or behave in a certain way. ***People v. Watson***, 245 Mich.App. 572, 576, 629 N.W.2d 411 (2001). "Such evidence creates a substantial risk that a finding will be predicated on the trier's attitude toward a person's character, rather than upon an objective determination of the facts." Dubin & Weissenberger, Michigan Evidence Courtroom Manual, Ch. 404 (2005). Even if "other acts" evidence is found to be probative, it is

---

[2] The exceptions allow character evidence to be used to show the character of an accused, (state and federal rules), character of the victim of a homicide, (state rule), character of alleged victim of sexual conduct crime, (state rule), and the character of a witness, (state and federal rules).

[3] The emphasized sentence is identical in both the state and federal rules.

still "inadmissible if the value of the evidence is substantially outweighed by its potential prejudicial effect." ***U.S. v. Haywood,*** 280 F.3d 715, 723 (C.A.6 (Ohio) 2002).  It has also been held that "evidence must be specially probative of an issue in the case such as intent or knowledge without including bad character or propensity as a necessary link in the inferential chain." ***U.S. v. Houle****,* 237 F.3d 71, 77, (C.A.1 (Mass.) 2001) (Internal punctuation omitted).

Citing its discovery of alleged "inconsistencies" between the employment information it subpoenaed from WSU and Plaintiff's discovery responses, (the subpoena the instant Motion is intended to have quashed), Defendant next subpoenaed Plaintiff's Oakland University records, in hopes of acquiring still more inadmissible evidence, for the express purpose of showing Plaintiff's "untruthfulness…regarding her past employment." (Defendant's Brief, p. 7)  As stated in its Brief, "AAM is now in the process of obtaining Plaintiff's other pre-AAM employment records in order to determine what other information she may have failed to reveal to AAM." *Id* at 5.

Defendant is basically relying on inadmissible evidence to obtain yet more inadmissible evidence, all to show an alleged propensity in Plaintiff to lie on job applications—evidence that is absolutely barred by MRE 404 and FRE 404.  Such an argument is not probative to any of Plaintiff's claims, but such information would be powerfully prejudicial to a fact finder.  By its own admission one of the reasons Defendant wants this information is to undercut Plaintiff's credibility and portray her as unworthy of belief in the instant litigation based on her alleged past untruthfulness.[4]

Defendant also says it wants to obtain more evidence that Plaintiff displayed "poor interpersonal skills" in prior employment, evidence it did not have when it hired Plaintiff.  For example, Defendant states that records from Plaintiff's prior employment with Magna reveal

---

[4] AAM also proffers an alternative rationale that "after-acquired" evidence may permit Defendant to mitigate its damages.

3

Plaintiff's actions at Magna to have been "disruptive," aggressive, "impulsive," and resistant to obeying the "chain of command." (Defendant's Brief, p. 4). In fact, Defendant's recital of Plaintiff's alleged behavior problems is based on cherry-picked criticisms in an otherwise exemplary work record, exaggerated for maximum effect. But even if, *arguendo*, compelling evidence existed that Plaintiff had serious interpersonal conflicts at a prior employer, and such evidence were obtained by Defendant, it is the express purpose of MRE 404 and FRE 404 to *exclude* "inadmissible evidence of a party's propensity to…behave in a certain way." **Blakeney, supra,** 942 F.2d 1001. Defendant itself describes and frames the information it is seeking as intended to support its defense that Plaintiff had a propensity to behave in a disruptive, overly-aggressive way.

The gravamen of Plaintiff's civil rights claim is that AAM has denied her advancement and equal pay because of her female sex. Since AAM cannot deny the fact that Plaintiff has hit a glass ceiling, it must defend against the claim by claiming the decisions not to advance Plaintiff were because she has problems working with others. Defendant has already stated in its Response that it intends to support this defense with evidence of such alleged problems Plaintiff exhibited in the past. Defendant has already informed the Court of its strategy to paint Plaintiff as habitually aggressive and disruptive in the workplace. It hopes to use information about Plaintiff's prior employment, including the subpoenaed records from WSU and Oakland University, for its prejudicial value.

4

## **CONCLUSION**

For the reasons stated, Plaintiff requests this Court to grant Plaintiff's Motion and quash the subject subpoenas, or in the alternative to enter a protective order to exclude from evidence any information beyond the dates of Plaintiff's employment at the respective universities.

                        Respectfully submitted,

                        s/PATRICIA A. STAMLER
                        SOMMERS SCHWARTZ, P.C.
                        Attorneys for Plaintiff
                        2000 Town Center, Suite 900
                        Southfield, MI  48075-1100
                        (248) 355-0300
                        P35905
                        pstamler@sommerspc.com

Dated:  February 13, 2006

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300