UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

SUZANNE M. CONTI,

   Plaintiff,

 v.

AMERICAN AXLE &
MANUFACTURING, INC.,

   Defendant.
_____/

Civil Action No.
05-CV-72335

Hon. Bernard A. Friedman

Mag. Judge Wallace Capel

### OPINION AND ORDER SETTING ASIDE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**I. Introduction**

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's Order granting in part and denying in part Plaintiff's motion to compel discovery, to exceed the limit on depositions, and to extend discovery cutoff.  Defendant has filed a timely response to Plaintiff's objections.

Plaintiff Suzanne Conti has brought a failure-to-promote gender discrimination claim predicated on Defendant American Axle & Manufacturing, Inc.'s ("AAM") alleged pattern and practice of denying promotions, job titles, and career opportunities to women executives, including Plaintiff.  She seeks damages from AAM for alleged discrimination in a Detroit- area facility.  Plaintiff's claims are brought pursuant to Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") M.C.L. 37.2101, which contains a three-year statute of limitations.

Plaintiff believes that in order to prove her claims, she needs to obtain certain documents

from AAM, which AAM has refused to produce.  Plaintiff has filed a motion to compel the production of such documents.  In an Order dated June 7, 2006, Magistrate Judge Wallace Capel recommended that the court grant in part and deny in part Plaintiff's motion to compel discovery.  Plaintiff filed a timely objection to the recommendation, and Defendant filed a response to Plaintiff's objection.

**II.     Standard of Review**

Pursuant to 28 U.S.C. § 636, a district court may refer certain types of proceedings to a Magistrate Judge. "When a Magistrate Judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (quoting 28 U.S.C. § 636 (b)(1)(A)).  That limited standard of review is a "clearly erroneous" or "contrary to law" standard. See 28 U.S.C. § 636 (b)(1)(A).  In other words, "the District Judge…shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

Although the "clearly erroneous" standard is often applied to a court of appeal's review of a district court's factual findings, the Sixth Circuit has broadly stated that a "finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  The Sixth Circuit further explained that the "question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.  Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Id.*  If this Court finds that a mistake has been committed, then it

can set aside the magistrate judge's recommendation.

### III.     Plaintiff's Objections

Plaintiff began her work with Defendant in 1997.  She argues that any materials tending to show the breadth and reach of Defendant's alleged discriminatory pattern and practice for the period of her employment from 1997 through the present is relevant.  Defendant has either objected to or failed to provide relevant materials prior to June 2002.

Defendant's objections to the production of discovery regarding events prior to June 2002 are based on its belief that any evidence of any alleged wrongdoing prior to 2002 is inadmissible, as it falls outside of the ELCRA's statute of limitations.

The Magistrate Judge's Order compels Defendant to produce documentation pertaining to events that occurred from June 2002 forward.  The Magistrate Judge's Order finds that any discovery of alleged wrongdoing by Defendant prior to that time would be barred by the ELCRA's three-year statute of limitations.   Plaintiff objects to this Order on the grounds that documents from 1997 forward are relevant in proving a pattern and practice of gender discrimination by AAM.  Plaintiff claims that these relevant documents will show, for example, a nearly one hundred percent male make-up of the Board of Directors, or that promotions to executive positions favored males over comparably qualified females.

While discriminatory or retaliatory actions against Plaintiff that took place prior to 2002 are not actionable, evidence of discrimination prior to that date is still admissible for purposes of showing a pattern of discrimination.  *Garg v. Macomb County Community Mental Health Services*, 472 Mich. 263, 285 (amended, July 18, 2005).  Evidence that a defendant engaged in a long-term campaign or pattern of harassment or discrimination may properly be considered as background information illuminating later practices of discrimination.  *Brunson v. E & L*

*Transport Co.*, 177 Mich.App. 95, 104 (1989).

The Michigan Supreme Court in *Garg* stated that "*[t]o allow recovery for* incidents that took place outside the limitations period is simply to extend the limitations period beyond that which was established by the Legislature." 472 Mich. 263, 282 (amended, July 18, 2005) (emphasis added). Plaintiff, however, is not looking to recover for those incidents that occurred prior to June 2002, but rather to use those incidents as background information to prove her own claim.

In *Heckmann v. Detroit Chief of Police*, the Michigan Court of Appeals explicitly cited *Garg* in support of exclusion of pre-statutory claims, while not applying it to pre-statutory discovery. 267 Mich.App. 480 (2005). That court ruled that the plaintiff satisfied the prima facie requirement of his complaint where there was evidence that a deputy police chief's threat, made within the statutory period, was related to plaintiff's protected activity of reporting suspected wrongdoing. Plaintiff's report pre-dated the statutory period by seven months. The Court of Appeals cited *Garg* on the issue of elimination of claims for continuing violations, but did not see *Garg* as requiring disregard of the report as evidence of retaliation, even though it was evidence from outside the statutory period. Here, Magistrate Judge Capel erroneously read *Garg* as excluding pre-statutory evidence for discovery purposes.

Further, discovery rules provide for a liberal discovery of information that "…appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Not admitting pre-statutory evidence of discrimination as background information holds Plaintiff to a much higher standard than is justified. The Federal Rules of Civil Procedure provide for discovery of any information which may be relevant, and "relevance should be broadly and liberally construed." *Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc.*, 2006 WL

83477, *1 (E.D. Mich., 2006).  By misapplying the holding in *Garg* to exclude relevant evidence, Plaintiff is precluded from obtaining the totality of evidence potentially available to her to support her claims.

**IV.    Order**

       For the reasons stated above, Plaintiff has shown that the Magistrate Judge's Order is clearly erroneous and that her discovery requests are relevant.  Accordingly,

       IT IS ORDERED that the Magistrate Judge's Order be set aside, and that Plaintiff's Motion to Compel Discovery be granted.

                                                  _s/Bernard A. Friedman_____

Date:   December 4, 2006                   BERNARD A. FRIEDMAN
        Detroit, Michigan              CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
      Patricia Foster Hommel
   Secretary to Chief Judge Friedman