UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SUZANNE M. CONTI,

        Plaintiff,                    CIVIL ACTION NO. 05-72335

        v.                              DISTRICT JUDGE BERNARD A. FRIEDMAN

AMERICAN AXLE AND              MAGISTRATE JUDGE VIRGINIA MORGAN
MANUFACTURING, INC.

        Defendant.
_____/

**OPINION GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (D/E 77)[1]**
**AND REAFFIRMING ORDER OF JANUARY 17, 2007**

In June, 2005, plaintiff filed a two count complaint against defendant American Axle alleging discrimination in her employment. She claims a violation of Michigan's Elliott-Larsen Civil Rights Act MCLA §37.2101, *et seq.*, based on gender discrimination, and a violation of the Federal Equal Pay Act, 29 U.S.C. §206(d). Plaintiff remains an employee of defendant. When the case was filed, it was assigned to Judge Friedman and Magistrate Judge Capel. Numerous discovery disputes have occurred, with the lawyers repeatedly refusing to abide by orders of Magistrate Judge Capel, routinely appealing discovery issues to the district judge, and seeking

---

[1]This motion was designated as one for "Reconsideration" of the magistrate judge's order. It is not a motion for reconsideration under Local Rule 7.1(g). It should have been denominated as an Appeal of Magistrate Judge's Order or Objection to Magistrate Judge's Order or otherwise indicate that it seeks review by the district judge. When counsel received the order of reference or notice of hearing, they should have advised the chambers of either the magistrate judge or district judge instead of waiting until the date set for oral argument.

"clarification" and/or reconsideration of orders of the district judge which reviewed the orders of the magistrate judge. See e.g. D/E 39, 49, 62, 68, 77. Discovery closed September 30, 2006. In November, 2006, the case was transferred to the undersigned and all pretrial matters were subsequently referred.

In January, 2007, a status conference was held to resolve all pending discovery disputes. At that time, counsel identified only two: the issue of the deposition of CEO Richard Dauch and production of affirmative action policies, plan, programs, and studies. A discovery order was entered resolving both issues (D/E 74). Because counsel disagreed on what Magistrate Judge Capel had ruled with respect to the taking of the CEO's deposition, part of that order was a determination of what ruling he had made. After reviewing the transcript, this court found that defendant's proposed order accurately reflected Magistrate Judge Capel's ruling, and entered the same (D/E 76). As set forth in that order, Magistrate Judge Capel held that (1) discovery would be extended for six weeks to permit discovery for the CEO deposition; (2) plaintiff was to submit written interrogatories to CEO Dauch which would be answered within seven business days; (3) after the responses to interrogatories were returned, the court would review the same and determine whether plaintiff would be permitted to depose Dauch. This order was entered January 17, 2007.

Instead of propounding the ordered interrogatories, plaintiff filed the instant Motion for Reconsideration of Magistrate [Judge]'s Order Entered January 17, 2007 Granting Defendant's Motion for a Protective Order. Oral argument was held on March 19, 2007. At oral argument it became clear that although the motion requested "reconsideration" it was actually an appeal to

the district judge challenging the original ruling made by Magistrate Judge Capel. At argument, counsel requested that the issue be redetermined by this court and then one side or the other would file an appeal.[2] For the reasons discussed in this Opinion, the court grants the motion for reconsideration and after review of the pleadings and the order reaffirms the procedure directed by Magistrate Judge Capel with some modifications.

*Legal Analysis*:

Federal Rule of Civil Procedure Rule 26 generally sets the limits for permissible discovery in federal court: "Discovery must be relevant . . to the claim or defense of that party." Discovery shall be limited if it is (a) unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery in resolving the disputes. Fed.R.Civ.P. Rule 26(b)(1). Fed.R.Civ.P. Rule 26(c) protective orders may be issued by the court in order to protect a party from annoyance, oppression, or undue burden. However, protective orders totally prohibiting the deposition of an individual are rarely granted absent extraordinary circumstances. See, Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). But see, Thomas v. IBM, 48 F.3d 478, 482-84 (10th Cir. 1995) in which the Tenth Circuit upheld a

---

[2]On such an appeal, both counsel may be advised by the district judge regarding the provisions of 28 USC §1927 for needlessly and vexatiously multiplying pleadings.

protective order denying the deposition of IBM's chairman where that person had no personal knowledge of relevant facts.

Depositions of CEOs and other high level managers in employment cases have been the subject of numerous court cases. Generally courts prohibit such depositions where the senior employee has limited personal knowledge of the facts related to the claims in a particular lawsuit. The district court's denial of plaintiff's motion to depose the CEO of Pitney-Bowes in a suit alleging age discrimination in employment was affirmed by the circuit court in <u>Bush v. Dictaphone Co.</u>, 161 F.3d 363, 367 (6th Cir. 1998) where the court noted that "a plaintiff's right to discovery must be balanced against the "need to prevent fishing expeditions." However, the time-honored cry of a fishing expedition cannot serve to preclude a party from inquiring into the facts underlying his opponent's case. See, <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947). Where the defendant represents that the CEO has no knowledge of facts pertinent to plaintiff's action, employees cannot take the deposition and discovery sanctions may be imposed. <u>Lewelling v. Farmers Ins. of Columbus</u>, 879 F.2d 212, 218 (6th Cir. 1989). A court may require that plaintiff depose other employees with allegedly more knowledge of the facts that the corporate president before deposing him. <u>Salter v. Upjohn Co</u>, 593 F.2d at 651. As stated by the court in <u>Community Federal Sav. & Loan Assn. v. Federal Home Loan Bank Board</u>, 96 F.R.D. 619, 621-22 (D.C. D.C., 1983), a party seeking the deposition of a high level decision-maker who is removed from the daily subjects of the litigation must first demonstrate that the individual has "unique personal knowledge" of the matter; the deposition would not be permitted where the information could be obtained through interrogatories, or deposition of a designee or other

person. Reasonable restrictions as to time, place and manner can be imposed with respect to the deposition. See <u>Johnston Dev. Group Inc. v. Carpenters Local No 1578</u>, 130 F.R.D. 348, 355 (D. N.J., 1990) (six hour limitation); <u>Martin v. Valley Nat'l. Bank</u>, 1992 WL 196798 (S.D. N.Y. 1992) (one day per witness).

*Background*:

As stated above, this is an employment action. Plaintiff, age 49, has been employed at defendant American Axle since January 1997 and continues to be so employed. Plaintiff claims to have interviewed with CEO Dauch when she was hired ten years ago but she does not report to him, and has not reported to him and there is no indication in the record that he ever supervised her work. The firm has approximately 10,000 employees in nine countries. Plaintiff has worked in two areas: procurement and materials. Plaintiff's damages are claimed to arise as of June 2002, when she was a manager in procurement and reported to Director Larry Earhart. Earhart, in turn, reported to Vice President of Procurement Abdallah Shanti. In January 2003, Shanti promoted plaintiff to Director of Indirect Materials Strategic Sourcing, on the same level as Earhart. Both Earhart and plaintiff reported to Shanti and were eligible for executive bonuses.

According to defendant, in June 2003, the procurement department was reorganized. It is not disputed that both plaintiff and Earhart were removed from their director positions. Plaintiff was placed in a Salaried Executive in Training (SEIT) position in product launch, reporting to now retired Director Pannucci, Sr. Plaintiff remains in that position but with a change in title to Manager New Model Launch and ECR and she reports to Director of Production Controls and

Material Management Don Joseph. She earns more than Earhart who is currently a Senior Buyer and neither is eligible for executive bonuses.

Plaintiff argues that she has a right to depose CEO Dauch in a video deposition because he was personally involved in the decisions denying her promotions and compensation. Plaintiff's contention is that she was not promoted to Vice-President, was demoted from Director to a SEIT, was denied salary increases, bonuses, and stock options, denied equal pay, denied the opportunity to hire qualified women into available positions, was subjected to a degrading and humiliating work environment, and retaliated against because of her complaints of gender discrimination and her participation in an investigation, proceeding or hearing. (Complaint ¶11) Defendant has listed Dauch as a witness for trial.

In the instant motion, plaintiff cites cases generally outlining the court's ability to control discovery. However, plaintiff cites no cases which deal with taking video depositions of senior corporate executives in employment discrimination actions as plaintiff wishes to do here. Although plaintiff has testified as to her belief that Dauch was behind and supported the efforts to retaliate against her, she has not identified any facts which would support the claim that Dauch had personal involvement in the alleged retaliation, demotion, or other terms of plaintiff's employment.

Plaintiff states in support of her claim as follows:

> "The assertion of Defendant's attorney that Richard Dauch had no part in
> the decision and bears no responsibility for the decision to demote
> plaintiff as a punishment and in retaliation for her threatened testimony
> supporting a woman suing the corporation for sexual discrimination and
> harassment is inherently incredible given the facts on the record in this

- 6 -

> matter.³ Plaintiff is entitled to test any such blanket denial through the reasonable avenue of discovery, specifically through deposition where Plaintiff can ask follow up questions and explore inconsistencies that reflect [sic] of the reliability and credibility of a not unsurprising denial of wrongdoing."

(D/E 77, Brief p. 8)

This is not enough. Plaintiff's representation seems at most to allege that personal involvement of Dauch should be inferred. Plaintiff attaches a magazine article as an exhibit to her motion. The article describes Dauch as a "hands on guy" who "keeps firm control on all that surrounds him." His sons, one of whom is alleged to be involved in plaintiff's situation here, are described as his "closest allies and likely successors." (D Business Sept/Oct 2006, p. 82) But she points to few specifics. She points to testimony from certain witnesses which allegedly evidence Dauch's involvement. However, upon review the court finds that plaintiff's representation of the testimony is not exactly correct. For example, plaintiff cites to testimony (Ex. F, p. 98) of Mr. Pannucci who allegedly said that he was called into CEO Dauch's office for a discussion of plaintiff and Dauch told him that plaintiff was going to be demoted and sent to Pannucci for training. The deposition testimony does not mention demotion. . .it merely says that plaintiff was going to come work for him and that he was going to train her. (Ex F, pp. 98-99) Plaintiff needs to clearly establish direct involvement of Dauch before taking his deposition. Written interrogatories will do that.

Since defendant has listed Dauch as a witness, a total denial of a deposition is not warranted. Defendant must identify the subjects of that testimony, a brief summary, and

---

³Plaintiff does not specify which facts lead to this conclusion.

whatever claims Dauch makes with respect to absence of personal involvement.  All this information must be in the form of an affidavit.   Dauch's deposition will be taken so long as plaintiff complies timely with the previously ordered pre-requisites.  However, due to Dauch's position as decision maker, limitations will be placed on the time, place, and manner of deposition.  Based on defendant's affidavit and responses to plaintiff's interrogatories, the court will determine, in the absence of counsel's agreement, the time, place, and manner of the deposition.

Accordingly, set forth in the related order entered this date:

1.  Discovery is extended until April 30, 2007, for the limited purpose of allowing plaintiff to conduct discovery of Richard Dauch CEO as set forth in this order.

2.  Defendant shall submit on or before March 21, 2007, an affidavit from CEO Dauch detailing his knowledge and/or absence of knowledge of the facts underlying this case and the subject matter and brief summary of his expected testimony as a witness at trial.

3.  Plaintiff shall submit to defense counsel on or before March 28, 2007, written interrogatories, not to exceed 25 including subparts, directed to Dauch.  These must be answered on or before April 10, 2007.

4.  Counsel shall file with the court a List of Issues Remaining in Dispute Regarding Deposition of Richard Dauch on or before April 16, 2007, and return to court before the magistrate judge to resolve any pending issues regarding the deposition on April 18, 2007 at 3:00 pm.

    5.  In the event of an appeal of this order, counsel are not excused from these dates without an order of the district judge.  Sanctions will be imposed for failure to follow these directives.

The parties to this action may object to and seek review of this Opinion and Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  See also E.D. Mich. LR 72.1(d)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed appeal, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue raised in the appeal.

                                                          s/Virginia M. Morgan
                                                          Virginia M. Morgan
                                                          United States Magistrate Judge

Dated:  March 16, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 16, 2007.

                                                          s/Jane Johnson
                                                         Case Manager to
                                                         Magistrate Judge Virginia M. Morgan