UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

SUZANNE M. CONTI,

           Plaintiff,

v.

AMERICAN AXLE &
MANUFACTURING, INC.,

           Defendant.
_____/

Civil Action No.
05-CV-72335

Hon. Bernard A. Friedman

Mag. Judge Virginia Morgan

## OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE MORGAN'S MARCH 16, 2007 OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REAFFIRMING ORDER OF JANUARY 17, 2007

### I. Introduction

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's Order of March 16, 2007 granting Plaintiff's Motion for Reconsideration and Reaffirming Order of January 17, 2007. Defendant has filed a timely response to Plaintiff's objections.

Plaintiff Suzanne Conti has brought a failure-to-promote gender discrimination claim predicated on Defendant American Axle & Manufacturing, Inc.'s ("AAM") alleged pattern and practice of denying promotions, job titles, and career opportunities to women executives, including Plaintiff. She seeks damages from AAM for alleged discrimination in a Detroit- area facility. Plaintiff's claims are brought pursuant to Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") M.C.L. 37.2101, which contains a three-year statute of limitations.

Plaintiff believes that in order to prove her claims, she needs to depose the CEO of AAM, Richard E. Dauch. Magistrate Judge Capel, originally assigned to this matter, made initial rulings

regarding the taking of Dauch's deposition.  The case was transferred to Magistrate Judge Morgan in November, 2006 and in January, 2007 a status conference was held to resolve all pending discovery disputes.  At that time, the parties raised a disagreement between them about Magistrate Judge Capel's ruling regarding the taking of Dauch's deposition.  Magistrate Judge Morgan reviewed the transcript of the underlying proceedings, and found that Magistrate Judge Capel had held that Plaintiff was to submit written interrogatories to Dauch, which would be answered within seven business days; after the responses were returned, the court would review them, and determine whether Plaintiff would be permitted to depose Dauch.  Magistrate Judge Morgan entered an order stating the same on January 17, 2007.  Instead of following the orders of Magistrate Judge Capel and Magistrate Judge Morgan, Plaintiff filed a Motion for Reconsideration, the determination of which is the subject of Plaintiff's current Objections.

   Oral argument was held before Magistrate Judge Morgan on March 12, 2007.  Following oral argument, Magistrate Judge Morgan issued an Opinion granting the motion for reconsideration, and reaffirming the procedure directed by Magistrate Judge Capel, with some modifications.  Magistrate Judge Morgan's Order provided ample opportunity for the parties to conduct discovery.  Her Order extended the discovery deadline for the limited purpose of allowing Plaintiff to conduct discovery of Dauch, ordered Defendant to submit an affidavit from Dauch detailing his knowledge and/or absence of knowledge of the underlying facts of this case and a brief summary of his expected testimony at trial, permitted Plaintiff to submit written interrogatories to Dauch, and ordered the parties to file a list of issues remaining in dispute regarding the deposition of Dauch.  Then, in accordance with Magistrate Judge Capel's earlier Order, Magistrate Judge Morgan would determine whether the deposition of Dauch was warranted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636, a district court may refer certain types of proceedings to a Magistrate Judge. "When a Magistrate Judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (quoting 28 U.S.C. § 636 (b)(1)(A)). That limited standard of review is a "clearly erroneous" or "contrary to law" standard. See 28 U.S.C. § 636 (b)(1)(A). In other words, "the District Judge…shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Although the "clearly erroneous" standard is often applied to a court of appeal's review of a district court's factual findings, the Sixth Circuit has broadly stated that a "finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The Sixth Circuit further explained that the "question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Id.* If this Court finds that a mistake has been committed, then it can set aside the magistrate judge's recommendation.

## III. Plaintiff's Objections

Plaintiff argues that the Magistrate Judge's March 16, 2007 Order is "clear error in the application of the Federal Rules of Civil Procedure Regarding Discovery in light of the facts on the record in this matter." Pltf. Obj., p. ii.

Plaintiff argues that "it has become clear that Richard E. Dauch is intimately involved in the day-to-day policies that govern the work-site where Plaintiff works." Pltf. Obj., p.2. Plaintiff's assertions are misplaced. As Magistrate Judge Morgan states in her Opinion, "[Plaintiff] has not identified any facts which would support the claim that Dauch had personal involvement in the alleged retaliation, demotion, or other terms of plaintiff's employment." March 16, 2007 Order, p. 6.

As Magistrate Judge Morgan explained, while Federal Rules of Civil Procedure generally permit broad discovery, the court may issue protective orders in order to protect a party from annoyance, oppression or undue burden. Magistrate Judge Morgan presented a concise summary of case law, both within and outside of this circuit, outlining the course courts take in determining whether, and how, to depose high level managers in employment cases. Magistrate Judge Morgan properly, and with the support of ample precedent, based her Opinion on this case law. Her Opinion is not clearly erroneous and contrary to law, and Plaintiff's objections are without merit

Accordingly,

IT IS ORDERED that Magistrate Judge Morgan's Opinion and Order dated March 16, 2007 is AFFIRMED.

_____s/Bernard A. Friedman_____
Date: May 10, 2007          BERNARD A. FRIEDMAN
                             CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
    Secretary to Chief Judge Friedman