UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SUZANNE M. CONTI,

       Plaintiff,                          CIVIL ACTION NO. 05-72335

      v.                                  DISTRICT JUDGE BERNARD A. FRIEDMAN

AMERICAN AXLE AND             MAGISTRATE JUDGE VIRGINIA MORGAN
MANUFACTURING, INC.

       Defendant.
_____/

## OPINION AND ORDER DENYING IN PART MOTION FOR DECLARATORY JUDGMENT ON ATTORNEY LIEN

This matter is before the court on the plaintiff's Motion for Declaratory Judgment that Sommers Schwartz has no entitlement to Liens for costs or attorney fees and that any and all Liens asserted in this matter are Void.[1] The motion was filed by attorney David M. Davis who represents Ms. Conti on the issue of fees only. The motion is opposed by Sommers Schwartz through its fee counsel Mr. S. Thomas Weiner. It really is a challenge to the terms of the withdrawal by counsel Sommers Schwartz. A hearing on the motion was held before the magistrate judge on June 25, 2007. For the reasons stated on the record, IT IS ORDERED that the motion IS DENIED in part.

---

[1] The court believes that in reality this matter is one for state courts, in that it is a contractual dispute without federal jurisdiction. Plaintiff's fee counsel Mr. Davis argues, however, that it should be heard pursuant to the court's supplemental jurisdiction. 28 U.S.C. §1367, because without resolution here, plaintiff will not be able to obtain other counsel. Minimal evidence of the same has been presented.

-1-

IT IS FURTHER ORDERED that:

- Ms. Conti is liable for the costs expended by Sommers Schwartz to April 30, 2007 (approximately $50,000) (Mr. Davis may review the payment records);

- the request for *quantum meruit* recovery for attorney fees IS DENIED without prejudice; and

- the issue of fees will be further considered on August 22, 2007 at 1:30 PM before Magistrate Judge Virginia M. Morgan;

- Ms. Conti is to attempt to obtain new counsel;

- the case is stayed until August 22, 2007, in order to permit Ms. Conti to obtain new counsel and present any affidavit regarding the effect of the attorneys lien on the representation.

*Procedural History:*

In July, 2004, plaintiff Suzanne Conti signed a contingent fee agreement with the law firm of Sommers Schwartz to represent her in an employment case. Ms. Conti was at that time and remains employed today with the defendant American Axle. She is alleged to make over $100,000 and the case revolves around issues of entitlement to stock options. Plaintiff contends that her damages could be as much as six million dollars. At the time she initiated this action, Mr. Joseph Golden was her attorney and he drafted the retainer agreement. In 2005, Mr. Golden filed this action on her behalf. Although Ms. Conti dealt with Mr. Golden, attorney Stamler also did work on the file. Motions and discovery were commenced and discovery closed in September, 2006. In November, 2006, defendant filed a motion for summary judgment. (D/E 58) Plaintiff has not filed a response to that motion.

Since that time, a multiplicity of motions have been filed regarding plaintiff's wish to take the deposition of the CEO Mr. Dauch. Defendant opposed the request and the matter became extensively protracted, with the filing of several motions, objections, appeals, motions

for reconsideration and other pleadings. The matter was originally heard in November, 2006, by Magistrate Judge Capel, appealed to the district judge, referred to and reheard by the undersigned, further reconsideration was sought, and an appeal taken to Chief Judge Friedman who ultimately affirmed the ruling May 10, 2007.[2] (D/E 101) Plaintiff has yet to file a response to the motion for summary judgment and has not undertaken the required matters preliminary to the court's decision regarding taking the deposition.

While this was occurring, on or about February 14, 2007, Mr. Golden left the firm of Sommers Schwartz. (D/E 99) Now both firms do not wish to continue to advance costs and plaintiff does not want to pay for either the costs or the work done by the lawyers. It appears that the firm of Sommers Schwartz has advanced about $50,000 worth of costs in prosecuting this case on behalf of plaintiff. In late March, 2007, members of the firm met with her to transfer the file to Mr. Golden's new firm and to resolve the outstanding costs. Mr. Golden's firm was unwilling to front any future costs. Sommers Schwartz indicated that they would continue to represent her but were unwilling to advance more than additional $7,000 in costs. If plaintiff and they could not resolve this matter, they would have to withdraw. Ms. Conti sent Sommers Schwartz a letter dated April 5, 2007, indicating that she wanted the firm to keep the file but have Mr. Golden act as an independent subcontractor. (Supplemental Brief, Ex. B #110)[3]

On April 3, 2007, Mr. Golden changed his e-filing registration information. (D/E 85)

---

[2] Defendant has now filed a Second Motion to prevent the deposition of Dauch which, in light of the absence of plaintiff's counsel, is dismissed by separate order.

[3] This is not exactly the history that Ms. Conti stated at oral argument. She said that she had reviewed the list of Sommers Schwartz lawyers and found that there were five or more who would have been perfectly satisfactory. However, her letter indicates that Mr. Golden should stay on.

On April 18, 2007, Ms. Stamler filed a motion to withdraw on behalf of Sommers Schwartz. (D/E 87) On April 24, 2007, Mr. Golden also filed a motion to withdraw as counsel on behalf of himself. On April 30, 2007, the court entered a stipulated order granting Ms. Stamler's motion to withdraw (D/E 87) permitting Sommers Schwartz to withdraw as counsel. Stipulating were counsel Sommers Schwartz and defense counsel. Plaintiff's signature was not on the order but she had not objected.[4] On May 8, 2007, Mr. Golden filed objections to the Stipulated Order. None of the motions to withdraw raised the issues of fees or costs.

On May 31, 2007, Mr. Davis entered his appearance and filed the instant motion alleging that there was a lien filed by Sommers Schwartz for fees (about $200,000) and costs (about $50,000). He asked that it be declared void, alleging that Ms. Conti was unable to hire any new counsel with that lien needing to be paid out of any judgment. Oral argument was held before the magistrate judge.

The Retainer Agreement provides that the dispute must be submitted to arbitration. Ms. Conti, through Mr. Davis, submits that such clause has been struck down by the Michigan Supreme Court. He also alleges that she is unable to obtain any lawyer with the lien in place and that therefore this matter should be resolved in this case as soon as possible. Plaintiff has not offered any affidavit, letter, or other evidence of her inability to obtain counsel. Thus, the court grants her until August 22, 2007, to get new counsel or a letter from such counsel indicating that "but for" the lien, he or she would take the case.

---

[4] Plaintiff states that her son was undergoing surgery and therefore she did not file objections. The court notes that Mr. Golden was still attorney of record. While Ms. Conti requested that the court adjourn the hearing, she never mentioned that she objected to the motion.

The Retainer Agreement also contains a clauses invalidating the lien if Sommers Schwartz withdraws as counsel without Conti's approval. This is the underlying premise of plaintiff's claim that she should not have to pay any money. She stated at oral argument that she did not want to have Sommers Schwartz represent her because they would not do so "zealously." The law creates a lien of an attorney upon the judgment or fund resulting from his services. Wipfler v. Warren, 163 Mich. 189 (1910); Miles v. Krainik, 16 Mich.App. 7, 9 (1969). When an attorney withdraws from case, his reasons for doing so determine whether the lien will be preserved. See, Ambrose v. The Detroit Edison Co., 65 Mich.App. 484, 487-88 (1975). An attorney with a contingent fee arrangement who withdraws from a case for good cause is entitled to compensation for the reasonable value of his services based upon *quantum meruit*, and not the contingent fee contract. Morris v. City of Detroit, 189 Mich.App. 271, 278 (1991). Plaintiff relies on par. 13 of the contingent fee agreement which purports to absolve her from paying any money–fees or costs–if the firm substitutes representation without her consent. However, this paragraph–which the firm denies is their standard language–is void as a matter of Michigan's public policy. Costs cannot be absolved. Even if the attorney does not recover a contingency fee because the case is lost, the client remains responsible for the costs advanced by the attorney. Steven v. HH & N/Turner, 2003 WL 22480156 (E.D. Mich.). Costs must be reasonable and proper. Michigan law prohibits an attorney from assuming responsibility for payment of costs, because doing so violates fundamental principles of champerty law that an attorney cannot acquire a financial interest in a lawsuit. MRPC § 1.8(e)(1) provides in clear and unmistakable language: "A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation except that a lawyer may advance court costs and expenses of

litigation, *the repayment of which shall ultimately be the responsibility of the client*"(emphasis added).

Even if the Retainer Agreement is void, counsel is still entitled to a *quantum meruit* recovery so long as the contract does not support unprofessional conduct infringing the integrity of a judicial proceeding or promote champerty.  See, Dupree v. Malpractice Research Inc., 179 Mich.App. 254, 262 (1989) (payments to experts); Hightower v. Detroit Edison Co., 262 Mich. 1, 13 (1933).  However, a *quantum meruit* recovery comes into play if and only if plaintiff wins a substantial award.  So long as the new attorney would have an incentive to achieve an adequate fee prior to payment of any *quantum meruit* award, plaintiff would not be deprived of her ability to obtain new counsel and the law firm would still have the opportunity to recover its time.  The court will listen to argument and review plaintiff's evidence in order to determine what amount of judgment would be appropriate before an award of *quantum meruit* fees can be made at the hearing on August 22, 2007 at 1:30 pm.

So Ordered.

                                                                     s/Virginia M. Morgan
                                                                     Virginia M. Morgan
                                                                     United States Magistrate Judge

Dated:  June 27, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 27, 2007.

                                                                     s/Jane Johnson
                                                                     Case Manager to
                                                                     Magistrate Judge Virginia M. Morgan