UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT


SUZANNE M. CONTI,

        Plaintiff,

  v.

AMERICAN AXLE &
MANUFACTURING, INC.,

        Defendant.
_____/

Civil Action No.
05-CV-72335

Hon. Bernard A. Friedman

Mag. Judge Virginia Morgan

## ORDER AFFIRMING MAGISTRATE JUDGE MORGAN'S OPINION AND ORDER DENYING IN PART MOTION FOR DECLARATORY JUDGMENT ON ATTORNEY LIEN

### I. Introduction

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Morgan's Opinion and Order Denying In Part Motion for Declaratory Judgment on Attorney Lien. Plaintiff's Motion for Declaratory Judgment on Attorney Lien (the "underlying motion") asserted that Plaintiff's original attorneys of record, Sommers Schwartz, have no entitlement to liens for costs or attorney fees, and that any and all liens asserted in this matter are void. Defendant and Sommers Schwartz each filed a response to Plaintiff's objections.

### II. Facts

Plaintiff has brought a failure-to-promote gender discrimination claim predicated on Defendant American Axle & Manufacturing, Inc.'s ("AAM") alleged pattern and practice of denying promotions, job titles, and career opportunities to women executives, including Plaintiff.

She seeks damages from AAM for alleged discrimination in a Detroit- area facility in the form of reduced salary and issues of entitlement to stock options. Plaintiff contends that her damages could be as much as six million dollars.

The Court has reviewed the factual and procedural history, as laid out in Magistrate Judge Morgan's Opinion and Order, and, finding it accurate, adopts it for purposes of this Order. However, the Court wishes to specifically highlight the following facts:

Plaintiff entered into a contingency fee agreement with the law firm of Sommers Schwartz in July, 2004. Joseph Golden, of Sommers Schwartz, filed a lawsuit on Plaintiff's behalf in 2005. Since the filing of the lawsuit, multiple motions, objections, appeals, and other pleadings have been filed on this matter, and significant discovery has been conducted. Both parties have spent considerable amounts of time and money in this litigation.

Mr. Golden left Sommers Schwartz on February 14, 2007. On April 5, 2007, Plaintiff sent Sommers Schwartz a letter stating that she wanted the firm to keep the file, but to have Mr. Golden act as an independent subcontractor. In addition, Plaintiff's letter to Sommers Schwartz stated that she would not consent or agree to their withdrawal, and requested that Sommers Schwartz attach a copy of her letter to their motion to withdraw. On April 18, 2007, Sommers Schwartz filed a motion to withdraw as counsel for Plaintiff. Plaintiff's letter was not attached to the motion. However, both Plaintiff and Mr. Golden were served with the motion. Mr. Golden was Plaintiff's attorney of record, and was obligated, then, to file objections on Plaintiff's behalf.[1] On April 24, 2007, Mr. Golden filed a motion to withdraw as counsel for Plaintiff.

---

[1] During the hearing before Magistrate Judge Morgan, Mr. Golden, referring to his later objections to Sommers Schwartz's motion to withdraw, stated that he "hadn't been let out of the case at this point, even though I wasn't with Sommers Schwartz." Tr. at 7-8.

On April 30, 2007, Magistrate Judge Morgan entered a stipulated order granting Sommers Schwartz's motion to withdraw as counsel. Plaintiff's signature was not on the order. Plaintiff claims that the entry of the "stipulated" order without her signature was improper. She states that her son was undergoing surgery, and therefore she did not file objections. However, as Magistrate Judge Morgan noted in her opinion, while Plaintiff requested an adjournment of the hearing because of her son's surgery, she never mentioned that she objected to the motion. In any event, the Court notes that Mr. Golden was still Plaintiff's attorney of record when Sommers Schwartz's motion to withdraw was filed. Neither Plaintiff nor Mr. Golden filed an objection to Sommers Schwartz's motion. While Plaintiff may have asked Sommers Schwartz to attach her letter to the motion, such letter can not guide the Court; the Court can only depend on the filings before it when it issues its opinions and orders. Plaintiff's counsel, Mr. Golden, could have filed a response to the motion to withdraw, and attached Plaintiff's letter at that point. Although timely objections were never filed to the motion for withdrawal, on May 8, 2007 Mr. Golden, on behalf of Plaintiff, filed an objection to the Court's April 30, 2007 Order.

On May 31, 2007, David M. Davis entered his appearance, and filed the underlying motion, alleging that there was a lien filed by Sommers Schwartz for about $200,000.00 in fees and about $50,000.00 in costs. Davis asked that it be declared void, alleging that Plaintiff could not hire any new counsel with a lien on the potential judgment.

### III.    Magistrate Judge Morgan's Decision

On June 25, 2007, Magistrate Judge Morgan heard oral arguments on the underlying motion. At that hearing, she granted Mr. Golden's motion to withdraw as Plaintiff's counsel. She also re-granted Sommers Schwartz's motion to withdraw.

In addition, Magistrate Judge Morgan ordered that 1) Plaintiff is responsible for the costs expended by Sommers Schwartz through April 30, 2007; 2) Sommers Schwartz's request for *quantum meruit* recovery for attorney fees is denied without prejudice; 3) Magistrate Judge Morgan will hold a later hearing to consider the issue of attorney fees; 4) Plaintiff is to attempt to obtain new counsel; and 5) the case is stayed until August 22, 2007 in order for Plaintiff to obtain new counsel and present any affidavit regarding the effect of lien on future representation.

### IV.    Standard of Review

Pursuant to 28 U.S.C. § 636, a district court may refer certain types of proceedings to a Magistrate Judge. "When a Magistrate Judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (quoting 28 U.S.C. § 636 (b)(1)(A)). That limited standard of review is a "clearly erroneous" or "contrary to law" standard. See 28 U.S.C. § 636 (b)(1)(A). In other words, "the District Judge…shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### V.    Plaintiff's Objections

Plaintiff argues that a particular provision in her retainer agreement with Sommers Schwartz is controlling, and that based on such provision, she should not be required to pay costs or attorneys fees. This provision states, in part, "[i]f representation and/or roles change without Client consent, this Agreement becomes null and void, and the Client will not [be] liable

for any of the firm's expenses, court costs and/or fees. All liens will be cancelled . . ." Pltf's Exh. A ¶

13. Defendant and Sommers Schwartz both argue that the provision is invalid, as it is contrary to Michigan law and the Michigan Rules of Professional Conduct ("MRPC"). Alternatively, they argue, this matter should be addressed by the state court, as this Court does not have subject matter jurisdiction over the present issues.

The Court finds that it has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367. Defendant argues that this Court should decline to exercise such jurisdiction, as Plaintiff's argument regarding the enforceability of the lien raises novel or complex issues of state law. The Court disagrees. This matter is not complex or novel. It is simply a matter of a situation where Plaintiff's counsel filed a motion to withdraw, Plaintiff failed to respond to such motion, and now Plaintiff objects to the consequences of her failure to respond.

The parties, in all of their arguments about different paragraphs of the retainer agreement, state law, the MRPC and public policy, fail to recognize that *Plaintiff was represented by counsel* when Sommers Schwartz filed its motion to withdraw. Such representation is evident by the fact that 1) such counsel, Mr. Golden, eventually filed his own motion to withdraw as Plaintiff's counsel, after Sommers Scwartz's motion was filed; and 2) Mr. Golden filed an objection to the Court's April 30, 2007 Order granting Sommers Schwartz's motion to withdraw.

Throughout the relevant proceedings, Plaintiff had counsel. It was her counsel's obligation to file objections on her behalf in a timely manner. Because objections were not filed, Magistrate Judge Morgan was not in error in allowing Sommers Schwartz's withdrawal, and ordering Plaintiff to pay Sommers Schwartz's costs. In addition, Magistrate Judge Morgan is not in error in her decision to consider the issue of attorney fees at a later date.

## VI. Conclusion

Accordingly,

IT IS ORDERED that Magistrate Judge Morgan's June 27, 2007 Order is AFFIRMED.

                                              s/Bernard A. Friedman
                                              Bernard A. Friedman
                                              United States District Judge

Dated: July 27, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2007, by electronic and/or ordinary mail.

                                              s/Carol Mullins
                                              Case Manager